UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| RICE TIMBER SOLUTIONS, L.L.C., ) | Case Number 20-60947 |
| ) | |
| _____Debtor._____ ) | |
| ) | |
| JOHN P. FITZGERALD, III, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
| _____Plaintiff,_____ ) | |
| ) | Adversary Proceeding |
| v. ) | Case No. 22-06009 |
| ) | |
| ) | |
| REGINALD R. YANCEY, ) | |
| ) | |
| _____Defendant._____ ) | |

**MOTION FOR LEAVE TO AMEND AND SUPPLEMENT AMENDED COMPLAINT**

John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "**United States Trustee**"), by counsel, respectfully moves the Court pursuant to Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15 for leave to amend and supplement the amended complaint. In support of this motion, the United States Trustee respectfully states as follows:

1. The United States Trustee filed the complaint commencing this adversary proceeding on April 26, 2022. Less than an hour after filing the complaint, the United States Trustee filed an amended complaint to correct a typographical error in the caption.

2. Prior to filing the complaint, the United States Trustee obtained permission to examine the above-captioned Defendant pursuant to Fed. R. Bankr. P. 2004.

3. On March 11, 2022, the United States Trustee examined the Defendant pursuant to Fed. R. Bankr. P. 2004. During the examination, the United States Trustee questioned the

1

Defendant regarding his bank accounts and the following occurred:

    Q    All right. So before we go much further, okay, in June 26, 2020, and from that period forward, okay, let's start with the trust account.

        Where do you maintain your trust account?

    A    I believe it's Bank of America.

    Q    Do you also have an operating account?

    A    I think that's BB&T.

    Q    I'm sorry. You said you think it's what?

    A    BB&T. I want to make it clear to you, I have multiple bank accounts. I'm going to plead the Fifth for the rest of that.

    Q    Plead the Fifth to what?

    A    You don't need my personal information.

    Q    Part of this deposition, Mr. Yancey, is to find out where you put those funds.

    A    I understand that.

    Q    So where did you put the funds? If you can't recall, then describe for me --

    A    I don't recall.

    Q    Okay. If you can't recall, describe for me what the possible bank accounts were that it could have been put in? There was the Bank of America trust account.

2

    A    Hold on. Hold on. Hold on. I have two bank accounts at BB&T.

    (Pause.)

    Q    Are you still trying to recall where you have your bank accounts, Mr. Yancey?

    A    No. I was waiting on the next question. You said where it could have been deposited, I think is what you said.

    Q    That's right. So you're telling me the universe of banks where you keep your accounts are Bank of America and BB&T.

    A    Repeat that question one more time.

    Q    You told me you have a trust account at Bank of America; correct?

    A    Yes.

    Q    Are all of your other accounts at BB&T?

    A    Are you referring to my business accounts or are you referring to my personal accounts?

    Q    I'm referring to both at this point. Because you've told me you don't recall where you deposited the funds.

    So I now want you to tell me everywhere they possibly could have been deposited. You tell me the banks and we'll start there.

    A    I've given them to you. They wouldn't have been deposited in my personal.

Tr. 122:3-124:1.

3

4. After the completion of the parties' discovery conference in this adversary proceeding, the United States Trustee issued subpoenas to Bank of America and Truist Bank f/k/a SunTrust Bank and Branch Bank and Trust Company.

5. After analyzing certain documents received in response to subpoenas, the United States Trustee, by counsel, sent the Defendant the letter attached as Exhibit 1.

6. The Defendant has not provided the United States Trustee with an explanation for the matters raised in the letter attached as Exhibit 1.

7. This motion has been timely filed since the United States Trustee learned of the basis to amend the complaint to allege that the Defendant's failure to accurately disclose fees in connection with the Ryland B. Rice (20-60788) and Rice Timber Solutions, LLC (20-60947) cases is part of a pattern and practice of non-disclosure.[1]

8. The United States Trustee seeks to amend the complaint to more fully set out allegations supporting the relief requested in the initial complaint. In addition, the United States Trustee seeks to supplement the complaint with allegations regarding matters that have occurred or been revealed since the filing of the complaint. A red-lined version of the proposed amended complaint is attached as Exhibit 2.

---

[1] The motion to review fees filed in the Ryland B. Rice case (20-60788) has been consolidated for trial with this adversary proceeding. When asked at the Rule 2004 examination, "Now if Mr. Rice paid you additional fees for the Chapter 13 on May 22nd when that $2,000 payment was made, you wouldn't have still been owed $1,356.76, would you[,]" the Defendant responded, "I agree with you on that. Yes. Not unless I made a mistake. Maybe a (sic) made a mathematical mistake. I don't recall" (Tr. 93:21-94:2). Later, the Defendant again intimated that perhaps he had made a "mistake in my math or my understanding" (Tr. 96:7-8), "I might have made a mistake in my letter to you on May 3rd, 2021" (Tr. 99:15-16), "[a]nd if I made a mathematical mistake, I apologize. If I made a memory mistake, I apologize" (Tr. 99:20-21). When asked about the disclosures regarding the retainer received in connection this Rice Timber Solution's case, the Defendant testified, "I made a mathematical mistake that I didn't recall" (Tr. 125:18-19).

*Basis For Relief*

9. The Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code and may take any action "necessary or appropriate to enforce or implement court orders and rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

10. The complaint may be amended "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

11. Cause exists to permit the United States Trustee to amend the complaint.

WHEREFORE, the United States Trustee, by counsel, moves the Court for leave to amend and supplement the amended complaint as set forth in the amended complaint attached as <u>Exhibit 3</u>.

Dated: October 3, 2022            JOHN P. FITZGERALD, III
                                  Acting United States Trustee for Region Four

                                  By: <u>/s/ W. Joel Charboneau</u>

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov

**Notice of Hearing**

PLEASE TAKE NOTICE that **unless an order is entered prior to the hearing**, a hearing on the *Motion For Leave To Amend And Supplement Amended Complaint* filed on October 3, 2022 [Docket No. 27], will be held on **October 26, 2022, at 10:00 a.m. via Zoom Video Conference: https://www.vawb-uscourts-gov.zoomgov.com/j/1603692643.  Meeting ID 160 369 2643.**

CERTIFICATE OF SERVICE

I certify that on October 3, 2022, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this adversary proceeding including counsel for the Defendant.

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee