UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| RICE TIMBER SOLUTIONS, L.L.C., ) | Case Number 20-60947 |
| ) | |
| Debtor. ) | |
| ) | |
| GERARD R. VETTER, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding |
| v. ) | Case No. 22-06009 |
| ) | |
| ) | |
| REGINALD R. YANCEY, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES TRUSTEE'S MOTION FOR ORDER
OF CIVIL CONTEMPT AGAINST REGINALD R. YANCEY**

Comes now Gerard R. Vetter, Acting United States Trustee for Region Four (the "**United States Trustee**"),[1] by counsel, and respectfully moves the Court, pursuant to 11 U.S.C. § 105, to find Reginald R. Yancey ("**Attorney**") in civil contempt of the order entered in settlement of the matters raised in this adversary proceeding (the "**Settlement Order**") which was part of a global settlement related to the matters raised in the amended motion for sanctions filed in case number 20-60947 [Docket No. 87] (the "**9011 Motion**") and the motion to review fees filed in case number 20-60788 [Docket No. 27] (the "**329 Motion**") (collectively, this adversary proceeding

---

[1] Gerard R. Vetter has succeeded John P. Fitzgerald, III and serves as the Acting United States Trustee for Region 4.

and the contested matters commenced by the 9011 Motion and the 329 Motion are the "**Litigation**").[2] In support of this motion, the United States Trustee states as follows:

### Jurisdiction, Venue, Parties, and Procedural History

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 151, 157, and 1334.

2. Pursuant to Rule 9020 of the Federal Rules of Bankruptcy Procedure, this motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. On April 26, 2022, the United States Trustee filed the complaint commencing this adversary proceeding as well as the 329 Motion. In this adversary proceeding, the United States Trustee sought entry of an order, among other things, revoking Yancey's privilege to practice before this Court for not less than three years. On May 31, 2022, the United States Trustee filed the 9011 Motion. The allegations set forth in Docket Numbers 2 and 27 as well as those in the 329 Motion and 9011 Motion are incorporated by reference.

6. On November 1, 2022, joint motions to approve a settlement of the Litigation were filed [Docket No. 34; case number 20-60947, Docket No. 107; case number 20-60788, Docket No. 44] (the "**Settlement Motions**"), which Settlement Motions are incorporated by reference. At the hearing on the Settlement Motions, counsel for the United States Trustee read into the record, and the Court viewed, the agreement attached as Exhibit 1 (the "**Resignation Agreement**"). Subsequently, the Court entered the Settlement Order attached as Exhibit 2 as well as the orders attached as Exhibits 3 and 4.

---

[2] Unless otherwise defined, words and phrases have the meanings given to them in title 11 of the United States Code.

2

7. In connection with his inability to practice before the Court and to minimize the disruption to clients, the Resignation Agreement provided Yancey with time to assist clients in the transition to a new attorney, which Yancey expected to be his daughter, Kimberly Brooks ("**Brooks**"). The Resignation Agreement provided that "[a]s of January 1, 2023, any new bankruptcy case that [Yancey] or his firm files will have Kimberly Brooks as sole or co-counsel."

### Yancey Violates The Settlement Orders

8. To prevent evasion of the Settlement Order, the Settlement Order incorporated the terms of the Resignation Agreement, which agreement provided prohibitions designed to prevent Yancey from continuing to assist debtors in connection with cases before this Court with his daughter covering such conduct by being the attorney of record.

9. Specifically, the Resignation Agreement, which became effective March 31, 2023, in part, provides:

> 2. Attorney agrees to advise all bankruptcy clients with active files of his retirement and resignation from the bankruptcy bar in writing within five business days of such retirement and resignation becoming effective and Attorney agrees to assist them in obtaining substitute counsel if necessary and to perform such other duties to clients and former clients as may be required by the ethical rules of the State Bar of Virginia.
>
> 3. Attorney agrees that after this Agreement becomes effective he shall not act as a bankruptcy petition preparer. Further, the Attorney agrees that from March 31, 2023, through and including March 31, 2024, he: (i) shall be prohibited from being employed in any capacity by (x) any other lawyer, other law firm or other professional corporation with which he was associated after May 12, 2020, as well as (y) Kimberly Brooks or any law firm owned or operated by her or employing her; and (ii) shall be prohibited from being employed as a consultant, law clerk, or legal assistant by any other lawyer, other law firm or other professional corporation representing any bankruptcy client that he represented after May 12, 2020.

3

10. The Settlement Order provided that "[t]he Resignation Agreement is approved and each and every term and condition set forth in the Resignation Agreement are effective and fully enforceable and *are so ordered as if set forth herein*[]" (Exhibit 1) (emphasis added).

11. The Settlement Order, in part, provides:

> 6. This Court shall retain jurisdiction over the settlement and all matters in this Order, including disputes arising under, and the construction, interpretation, modification, and enforcement of this Order and the stipulations and agreements approved by this Order; and
>
> 7. Closure of the adversary proceeding shall not excuse compliance with the terms of this Order and the parties may seek to reopen the underlying case or the adversary proceeding to enforce or otherwise seek relief under the Order.

12. At all relevant times, Yancey has been and remains aware of the terms of the Resignation Agreement and Settlement Order.

13. On March 28, 2023, Yancey filed or caused to be filed a skeletal chapter 13 petition[3] for Aubrey Miller, Jr. ("**Miller**"), which petition commenced case number 23-60354. A copy of the petition is attached as Exhibit 5. The next day, Yancey filed a notice of appearance in Miller's case on behalf of Brooks.

14. On June 22, 2023, the staff attorney for the chapter 13 trustee Angela M. Scolforo conducted Miller's meeting of creditors. Upon information and belief, Miller appeared from Yancey's office. According to Angela M. Scolforo's staff attorney, she could see Yancey

---

[3] As a condition of the Resignation Agreement being effective March 31, 2023, instead of being immediately effective, Yancey agreed that "except in the case of emergencies such as imminent foreclosure, repossession or garnishment or for other good cause shown, file all required schedules, statements, and other documents with the petition." The plan filed for Miller did not propose to cure any defaults on secured debts and Miller did not disclose any court actions, repossessions, or garnishments on Official Form 107 [case number 23-60354, Docket Nos. 8 and 9].

4

dressed in business attire and conversing with Miller. Subsequently, Brooks appeared from a separate Zoom account (and possibly in a different location from Miller and Yancey) and represented Miller during the meeting of creditors.

15. On March 24, 2023, Yancey filed or caused to be filed the skeletal chapter 13 petition for Dennis and Sandra Tuck (the "**Tucks**"), which petition commenced case number 23-60335.[4] On July 6, 2023, in relation to the Tucks' case, Yancey emailed chapter 13 trustee Chris Micale's staff attorney Rachel Jones ("**Jones**"), "[t]he amended Proof of Claim has been filed for the Credit Union. Please send me a copy of the proposed Confirmation Order, so that I can review it concerning the split of attorney fees between [Brooks] and myself."

16. On January 27, 2023, Yancey filed or caused to be filed the skeletal chapter 13 petition that commenced case number 23-60108. On June 23, 2023, in connection with case number 23-60108, Yancey sent or appears to have caused to be sent the communications set forth in Exhibit 6.

17. On February 2, 2023, Yancey filed or caused to be filed a skeletal chapter 13 petition for Bobby Dixon, Jr., which petition commenced case number 23-60137. On July 5, 2023, in relation to Dixon's case, Yancey emailed Jones, "[a]ttached are payroll check stubs for Bobby Dixon from about 3-10-2023 through about 6-30-2023. [Brooks] is on vacation this week, Shannon is off this week & my office is closed this week.please (sic) send me an email reply back that you have received these check stubs." A copy of the email is attached as Exhibit 7.

---

[4] The plan filed for the Tucks listed an arrearage of "**$.01**" on a secured debt. The Tucks did not disclose any court actions, repossessions, or garnishments on Official Form 107 [case number 23-60335, Docket Nos. 11 and 12].

18. On July 10, 2023, Jones informed the United States Trustee that Yancey had "been the only point of contact . . . within the last week as Ms. Brooks I understand is out of town."

19. On July 11, 2023, Yancey called Jones seeking to discuss Dixon's case and, in particular, advocate in favor of confirmation of Dixon's plan. Yancey stated he had just spoken to Dixon about whether Dixon needed to appear in court. Jones informed Yancey that an agreement had already been reached with Brooks, and Yancey hung up on Jones.

20. Yancey appears to be attempting to evade the Settlement Order and willfully violating the Settlement Order by, for example and not in limitation, continuing to work for Brooks in relation to cases filed in this Court.

## **Applicable Law**

21. Bankruptcy courts derive the power to issue orders of civil contempt from 11 U.S.C. § 105(a), which grants them authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." *In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989). A bankruptcy court has the authority to issue a civil contempt order in response to a violation of a prior order. *Id.* ("Burd had been engaged in representing a debtor during the pendency of a case in bankruptcy and in connection with the case for which he had charged and received a fee without previous authority or approval of the bankruptcy court. Following a hearing on the matter, Burd was ordered to refund $14,000 of the fee and had not done so. We think an order holding him in contempt for his failure to comply with the previous order of the court was appropriate in carrying out the administration of the estate, and thus was authorized by 11 U.S.C. § 105(a)").

22. "Determining if a party has committed civil contempt involves essentially only consideration of whether the party knew about a lawful order and whether he complied with it." *Id.* at 670.

23. The Settlement Order is a lawful order of this Court entered under and in accordance with the Court's authority to regulate the privilege to practice before it.

24. At all relevant times, Yancey has been aware of the Settlement Order.

25. Yancey has not complied with the Settlement Order. Yancey has intentionally taken actions in violation of the Settlement Order including, but not limited to, those described in paragraphs 16, 17, and 19.

26. A civil contempt order is coercive in nature, while a criminal contempt order is punitive. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *In re Poindexter*, 376 B.R. 732, 739 n. 14 (Bankr. W.D. Mo. 2007). An order that gives the contemnor the "keys to [her] own release" through an affirmative act of compliance with a previous order of the court is coercive. *See Gompers*, 221 U.S. at 442.

27. As a result of Yancey's violation of the Settlement Order, the United States Trustee is having to unnecessarily expend resources to seek enforcement of the Settlement Order.

28. Cause exists to find Yancey in contempt of the Settlement Order.

29. Cause exists to, by way of example and not in limitation, enter an order prohibiting Yancey from seeking readmission to the bar of this Court for an additional period of time after April 1, 2024, that is not less than the period of time in which Yancey has willfully violated the Settlement Order.

WHEREFORE, the United States Trustee, by counsel, moves the Court to find Yancey in contempt of the Settlement Order and enter such relief as the Court deems necessary and appropriate based on the evidence adduced including, by way of example and not in limitation, prohibiting Yancey from seeking readmission to the bar of this Court for an additional period of time after April 1, 2024, that is not less than the period of time in which Yancey has willfully violated the Settlement Order.

Date:   August 25, 2023             Respectfully submitted,
                                    United States Trustee
                                    By: /s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that the United States Trustee has filed the foregoing motion to reopen. Unless an order is entered prior to the hearing, a **preliminary hearing** on the foregoing motion will be held on **September 20, 2023, at 10:000 a.m. EST via Zoom Video Conference:** https://www.vawb-uscourts-gov.zoomgov.com/j/1603692643.  Meeting ID 160 369 2643.

## CERTIFICATE OF SERVICE

I certify that on August 25, 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Counsel. On this same date, I caused copies to be mailed by First Class mail to:

> Reginald R. Yancey
> Post Office Box 11908
> Lynchburg, Virginia 24506
>
> Reginald R. Yancey
> 1933 Fort Avenue
> Lynchburg, Virginia 24501
>
> Reginald R. Yancey
> 218 Fox Runn Drive
> Lynchburg, Virginia 24503
>
> Reginald R. Yancey
> 101 Redcroft Drive
> Greer, South Carolina 29651

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee