IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: RICE TIMBER SOLUTIONS, L.L.C., <br>                        Debtor | CHAPTER 7 BANKRUPTCY <br> CASE NO: 20-60947 |
| GERARD R. VETTER, Pl. <br> v. <br> Reginald R. Yancey, <br>                        Defendant. | ADV. Proceeding <br> Case No. 22-06009 |

[FILED LYNCHBURG, VA U.S. BANKRUPTCY COURT SEP 18 2023 By ___ 3:40 pm DEPUTY CLERK]

**RESPONSE TO U.S. TRUSTEE'S MOTION FOR ORDER OF CIVIL CONTEMPT AGAINST REGINALD R. YANCEY**

    Comes now Reginald R. Yancey who responds to the aforesaid Motion and states as follows:

1. I admit the statements that were made in paragraph numbers 1, 2,3,4,5,6, 7, 8, 9, 10, 11, 12, 13, 15, 16, and 17 of the Motion, except for the allegation in paragraph #8 that stated the word daughter was in my Resignation Agreement.

2. As for paragraph number 18, I have no direct first-hand knowledge of what Jones told the United States Trustee.

3. This writer admits that he called Jones about the Dixon case, and I hereby refer to the below paragraph numbers 11, 12, 13, 15, 16, 17, and 19 and Exhibits for a more thorough response to the paragraph #19 of the Motion filed against me.

4. I deny all the allegations stated in paragraph numbers 20, 24, 25, 27, 28, and 29 of the Motion.

5. As for the allegations stated in paragraph numbers 21, 22, and 23, I admit that the U.S. Bankruptcy Court has the power that was granted to it, by the U.S. Constitution, the appropriate Federal and State court cases, and the power that was granted to it by the Consolidated Order of the U.S. District Courts in America.

6. Concerning paragraph #14 of the Motion, I admit that Aubrey Miller, Jr. was in my office on June 22, 2023, and that the staff attorney for Angela M. Scolforo may have seen me in the office that day. However, I am still a Practicing Attorney handling non-bankruptcy cases. I did not conduct his 341 meeting. I was communicating with him about non-bankruptcy matters.

7. I further state I represented Aubrey Miller, Jr. in non-bankruptcy matters before June 22, 2023, on June 22, 2023, and thereafter.

8. That it appears to this writer that Gerard R. Vetter, the Acting United States Trustee for Region Four; W. Joel Charboneau, Trial Attorney; the staff attorney for Angela Scolforo and Angela M. Scolforo are violating my rights under the First Amendment, Fourth Amendment, Nineth Amendment and Fourteenth Amendment of the U.S. Constitution in the Miller case.

9. Further, I hereby state that even if Aubrey Miller, Jr was not a non-bankruptcy client of this writer, my actions that were observed by the staff attorney of Angela M. Scolforo, were not a violation of the Resignation Agreement.

10. By W. Joel Charboneau, Esq., and the U.S. Trustee putting such frivolous, unfounded and worthless allegations concerning Aubrey Miller in a Motion For Civil Contempt, Mr Charboneau has and is wasting this Court's time and the U.S. Trustee and Mr. Charboneau, Esq., should be held in Civil Contempt of Court for violating the Resignation Agreement and filing this Motion For Civil Contempt based upon frivolous and unfounded allegations.

11. I am not employed by or work for Attorney Kimberly Brooks Yancey.

12. As far as Bobby Dixon, and his wife, Case No: 23-60137, and paragraph number 19 of the Motion, It is true that I sent the payroll check stubs to Christopher Micale's Office. I

further state that it was my understanding Kimberly Brook Yancey had gone on vacation and did not have cell phone service where she was vacationing outside the state of Virginia. Further, Ms. Dixon called me and asked me whether or not she and her husband had to be in court for the Confirmation Hearing and I told Rachel Jones that I was at home and if she did not mind me saying it, "that I was in the bed." Ms. Dixon called me on July 11, 2023 I assume, as she did not have any way to get in touch with Attorney Kimberly Yancey Brooks. Please see the July 11, 2023 email concerning a call from Mrs. Shannon Dixon and my reply thereto, Exhibit #1 and 2. Such actions by this writer are not a violation of the Resignation Agreement. Further, this writer has a vested right to inquire about the Confirmation Order, when the plan could be confirmed and as a result thereof, I could reason when I might begin to receive the attorney fees owed to me would be disbursed in the future. This writer refers you to paragraph #12 below.

13. I am not and was not employed by Kimberly Yancey Brooks in the aforementioned Dixon case.

14. That it appears to this writer that Gerard R. Vetter, the Acting United States Trustee for Region Four; and W. Joel Charboneau, Trial attorney are violating my rights under the First Amendment, Fourth Amendment, Nineth Amendment and Fourteenth Amendment of the U.S. Constitution in the Dixon case.

15. Concerning the Dennis and Sangra Tuck case, re: paragraph #15, yes it true that I contacted Rachel Jones concerning the Confirmation Order and my attorney fees. However, it was Christopher Micale, the chapter 13 trustee; and his Office Staff that have been contacting me since after April 1, 2023 about the split of the attorney fees between myself and Attorney Kimberly Yancey Brooks. Please see the attached emails as proof of such, as Exhibit #2. For example, the January 6, 2023 and January 9, 2023 emails

between Christopher Micale, his staff and myself; the June 6, 2023 and June 8, 2023 emails between C. Micale's staff and myself, copies were sent to the trustee, Rachel Jones, Attorney Kimberly Brooks, etc., whereby the staff person wrote, "Yes, this was received and noted in the cases; however, there are notes on the 2016(b) that suggest otherwise, see example attached. So, in order to be sure we are disbursing fees correctly, we are asking for it to be clarified in the Confirmation Order of cases that were not confirmed prior to your retirement." Please see this writer's June 8, 2023 email to the trustee that states, "I agree with you, as long as it shows the distribution as explained in the filed Form 2030, Disclosure Of Compensation of Attorney for Debtor(s), in this case." Please see Exhibit #1, page #6.

16. Further, please see the July 6, 2023 email sent by a staff person in the Trustees' Office to me that requested that I get items to its office, so that the same Bobby and S. Dixon Case 23-60137 as referred to in the filed Motion by the U.S. Trustee's Office, be ready for confirmation, re: 7/5/2023. Copies of said email were send to Attorney Kimberly Brooks and Rachel Jones, Esq., Staff Attorney for the Trustee. Please see Exhibit #1, page 6, 10, & 10.

17. That I have a vested right to inquire with the chapter 13 trustees about my past and future attorney fees. As a matter of fact, a few years ago, Herbert Beskin, then a chapter 13 trustee, was trying to close a five-year chapter 13 case that he filed paperwork with the U.S. Bankruptcy Court stating that the case was completed, and I replied to him that he had paid me none of the $4,000.00 in attorney fees that was allowed to me under the confirmed plan. He then had to write to some creditors in that case and get the creditors to return some of the money that he had previously paid it, so I could be properly paid.

18. That it appears to this writer that Gerard R. Vetter, the Acting United States Trustee for Region Four; and W. Joel Charboneau, Trial attorney are violating my rights under the First Amendment, Fourth Amendment, Nineth Amendment and Fourteenth Amendment of the U.S. Constitution in the Tuck case.

19. That the fact that Kimberly Yancey Brooks is my daughter should not have been mentioned in the Motions filed in this matter by W. Joel Charboneau. It seems to this writer that Mr. Charboneau is trying to make his Motion personal rather than professional. Further Kimberly Brooks being my daughter was not mentioned in the Resignation Agreement.

20. I hereby state that I was not employed by Attorney Kimberly Brooks or any law firm or professional corporation owned or operated by her in either of the Tuck, Miller, or Dixon cases.

21. That W. Joel Charboneau included in the Certificate of Service my alleged home addresses in Lynchburg, Va and Greer, South Carolina. However, there was no need to do so because when this case was started and even before Andrew Goldstein, Esquire, was my Counsel of Record, W. Joel Charboneau, Trial Attorney, asked this writer if he could serve the paperwork on me by email and/or US mail rather than a Process Server and I said yes. This writer feels that W. Joel Charboneau knew or should have know that Andrew Goldstein, was my attorney and Counsel of Record in the Rice Timber solutions, L.L.C. matter. Mr. Charboneau knew or should have known that the Service of Process under Federal Rule of Bankruptcy Procedure, Rule 7004, at my PO Box and office addresses, plus upon this writer's legal counsel Andrew Goldstein, Esq, address were sufficient. In this time of violence in America, this writer does not need his home address or alleged home address disclosed to the public. Mr. Charboneau does not know who

lives in my Lynchburg, VA or Greer, SC houses, and appears not to care who receives my legal mail in this matter. Mr. Charboneau appears to this writer to be using harassing tactics against this writer. I ask this court to strike my house addresses from the record.

22. Further, on today, September 18, 2023, this writer had planned to come into his office this morning to finish preparing this response and to work on some non-bankruptcy cases for my client. However, Attorney Kimberly Brooks called me about 08:07 a.m. this morning and when I returned her call about 08:15 a.m., she informed me that she was having her bankruptcy clients to come to the Office Building that I own at 1933 Fort Avenue, Lynchburg, VA about 9:00 this morning concerning their case. Therefore, being concern what the U.S. Trustee and W. Joel Charboneau may say about the abovementioned matter if they learned of it, out of an abundance of caution, I waited to come into my own office building, until this afternoon. The U.S. Trustee and W. Joel Charboneau are causing a chilling, unwarranted, and unfounded effect on this writer being able to operate his business, in violation of my rights under the First Amendment, Fourth Amendment, Nineth Amendment and Fourteenth Amendment of the U.S. Constitution.

23. TIME IS OF THE ESSENSE, and this writer is asking this Court to immediately and promptly dismiss the United States Trustee's Motion For Order Of Civil Contempt Against Reginald R. Yancey, as it is causing him to incur unnecessary attorney fees and costs.

**WHEREFORE**, this writer is asking this Court to Dismiss the U.S. TRUSTEE'S MOTION FOR ORDER OF CIVIL CONTEMPT AGAINST REGINALD R. YANCEY filed against him; that this Court to find that the U.S. Trustee and W. Joel Charboneau to find them in contempt of the Settlement Order for filing such Motion; for an award of attorney fees and costs

against the U.S. Trustee and W. Joel Charboneau; that it Sanction the U.S. Trustee and W. Joel Charboneau for willfully violating the Settlement Order and Retirement and resignation Agreement, by way of example and not a limitation, reducing the time that I can apply for admission before the U.S. Bankruptcy Court by six months, from April 1, 2024 to October 1, 2023; and as to equity seems meet.

Date: September 18, 2023                                              Reginald R. Yancey

                                                                By:   /s/ RR Yancey


Reginald R. Yancey, V.S.B. 17958
P.O. Box 11908, Lynchburg, Va 24506
1933 Fort Avenue, Lynchburg, VA 24501
(434) 528-1632